**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GARRETT JAMES BALLARD,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-23-CV-461-DII** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **RESPONDENT.** | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

Petitioner filed his federal petition on April 17, 2023.  Petitioner, proceeding *pro se*, paid the full

filing fee for this case.  After consideration of the petition, it is dismissed as time-barred.

Petitioner challenges his conviction for capital murder out of the 33rd Judicial District Court

of Burnet County, Texas.  Petitioner was charged with capital murder for killing Travis Fox and E.B.

during the same criminal transaction.  At the end of the guilt-or-innocence phase of the trial, the jury

found Petitioner guilty of the charged offense.  Petitioner's punishment was automatically assessed

at life imprisonment.

On January 11, 2018, the Third Court of Appeals affirmed the trial court's judgment of

conviction.  *Ballard v. State*, No. 03-17-00040-CR, 2018 WL 455504 (Tex. App. – Austin 2018, no

pet.).  Petitioner indicates he retained counsel to file a petition for discretionary review.  However,

counsel instead filed a state application for habeas corpus relief three years later.  On April 13, 2022,

the Texas Court of Criminal Appeals denied the application without written order on the trial court's

findings without a hearing.  *See Ex parte Ballard*, No. WR-93-597-01.

Federal law establishes a one-year statute of limitations for state inmates seeking federal

habeas corpus relief.  *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner's conviction became final on February 12, 2018,[1] when the time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2; *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding when petitioner elects not to file petition for discretionary review, conviction becomes final at end of 30-day period in which petition could have been filed).  As a result, the limitations period expired a year later on February 12, 2019.

Petitioner's state application did not operate to toll the limitations period, because it was filed August 10, 2021, more than two years after the limitations period had already expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

---

[1] February 10, 2018, fell on a Saturday.

("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling. *Id.* Nor will a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process. *Id.* at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner was provided an opportunity to show cause why his petition should not be dismissed as time-barred. Petitioner failed to respond to the Court's order.

It is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on June 5, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE